UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JEANNE BRAUN,

                              Plaintiff,                    **<u>MEMORANDUM AND ORDER</u>**
                                                              2:17-cv-4055 (DRH)(AKT)


        - against –


ADMINISTRATORS FOR THE PROFESSIONS,
INC., ANTHONY J. BONOMO, and CARL
BONOMO,

                              Defendants.
-------------------------------------------------------X

**APPEARANCES**

**THE DWECK LAW FIRM, LLP**
Attorney for Plaintiff
10 Rockefeller Plaza, Suite 1015
New York, NY 10020
By:    H.P. Sean Dweck, Esq.

**RIVKIN RADLER, LLP**
Attorney for Defendants
EAB Plaza
Uniondale, NY 11556
By:    Kenneth Adam Novikoff, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

        Plaintiff Jeanne Braun ("Plaintiff") brought this action for employment discrimination

against Administrators for the Professions, Inc. ("AFP"), Anthony J. Bonomo ("A. Bonomo"),

and Carl Bonomo ("C. Bonomo") (collectively "Defendants") alleging gender discrimination

under Title VII of the Civil Rights Act of 1964 and the New York State Human Rights Law

("NYSHRL"), and age discrimination under the Age Discrimination in Employment Act

("ADEA") and the NYSHRL.  (Compl. [DE 1] ¶¶ 30–45.)

Presently before the Court is Defendants' motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)") for failure to plead a plausible claim of age or gender discrimination.  (Mem. in Supp. [DE 24] at 1 (hereinafter "Mem. in Supp.").)  For the reasons explained below, the motion for judgment on the pleadings is granted as to all claims.  However, Plaintiff will be given leave to amend her Complaint in accordance with the decision herein.

## BACKGROUND

The following relevant facts come from the Complaint and are assumed true for purposes of the motion for judgment on the pleadings.

Plaintiff is a woman who is 61-years old.  (Compl. ¶ 6.)  She was 59-years old at the time that the events leading to this litigation occurred.  (*See id.* ¶ 29.)  Defendant AFP provides risk management, including malpractice insurance, to physicians, hospitals, and healthcare providers in New York State.  (*Id.* ¶ 8.)  Defendant A. Bonomo was Plaintiff's supervisor at AFP, and Defendant C. Bonomo was Executive Vice President of AFP.  (*Id.* ¶¶ 13–15.)  Both individual defendants had frequent daily contact with Plaintiff.  (*Id.*)

Plaintiff was hired to work at AFP in 1994, as a vice president.  (*Id.* ¶ 18.)  In 1999, she was promoted to Senior Vice President, at which time she became responsible for programs across multiple departments.  (*Id.* ¶ 19.)  In 2003, Plaintiff was again promoted, this time to Executive Vice President, and her attendant responsibilities expanded to include multiple divisions of Defendant AFP.  (*Id.* ¶¶ 20–21.)  Upon this final promotion, Plaintiff was a member of senior management and supervised a staff of eighteen people.  (*Id.*)  Plaintiff was terminated on July 12, 2016.  (*Id.* ¶ 29.)

Plaintiff alleges that throughout her tenure with AFP she was subjected and exposed to gender and age discrimination.  (*Id.* ¶ 26.)  Plaintiff's examples of this "pattern and practice of

gender and age discrimination," that include but are not limited to: harassment toward women in the workplace that men did not suffer; Plaintiff being excluded from meetings, decision-making, and social events (including a trip to Las Vegas); AFP letting older workers go while retaining younger workers; AFP terminating Plaintiff after she inquired about her retirement benefits; and Plaintiff being told to "deal with it" when she complained of discriminatory behavior by Defendant C. Bonomo to Defendant A. Bonomo. (*Id.* ¶ 27.) Plaintiff worked for AFP for 22 years—as both an employee and as senior management—and she claims that she suffered bullying, harassment, and embarrassment throughout her time there despite complaints to senior management.

Plaintiff brought the instant action on July 7, 2017, after fulfilling the requirement to file a Charge of Discrimination with the United States Equal Employment Opportunity Commission. (*Id.* ¶ 16.) Defendants brought their motion for judgment on the pleadings on November 27, 2017. (Notice of Motion [DE 22] at 1.)

## LEGAL STANDARD

The standard for evaluating a motion for judgment on the pleadings pursuant to Rule 12(c) is the same as the standard for a motion to dismiss under Rule 12(b)(6). *See Karedes v. Ackerley Group, Inc.*, 423 F.3d 107, 113 (2d Cir. 2005). In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2d Cir. 2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); accord *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *accord Harris*, 572 F.3d at 72.

Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 679. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*; *accord Harris*, 572 F.3d at 72.

In making its determination, the Court is confined to "the allegations contained within the four corners of [the] complaint." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

To establish a prima facie case of unlawful discrimination, a plaintiff must show (1) that she is within the protected class, (2) she was qualified for the position, (3) she experienced adverse employment action, and (4) such action occurred under circumstances giving rise to an inference of discrimination. *Testa v. CareFusion*, 2018 WL 1611378, at *5 (E.D.N.Y. Apr. 3, 2018) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); see also *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000). For both gender and age discrimination, "this burden is not a heavy one[.]" *Gorzynski*, 596 F.3d at 107.

To survive a motion to dismiss, and accordingly a motion for judgment on the pleadings, a discrimination plaintiff need not allege facts establishing each element of a prima facie case of employment discrimination. *See Littlejohn v. City of New York*, 795 F.3d 297, 310-11 (2d Cir. 2015). "[A]t the pleadings stage . . ., a plaintiff has a 'minimal burden' of alleging facts

'suggesting an inference of discriminatory motivation.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Littlejohn*, 795 F.3d at 310). The allegations in the complaint "need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311; *see also Vega*, 801 F.3d at 87 ("[A] plaintiff must allege that the employer took adverse action against [him] at least in part for a discriminatory reason, and [he] may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a *plausible* inference of discrimination") (emphasis added).

"An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's . . . invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" *Littlejohn*, 795 F.3d at 312 (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)). Courts making the plausibility determination should do so "mindful of the elusive nature of intentional discrimination" and the frequency by which plaintiffs must "rely on bits and pieces of information to support an inference of discrimination, i.e., a mosaic of intentional discrimination." *Vega*, 801 F.3d at 86-87 (italics and internal quotation marks omitted).

## DISCUSSION

### I.     *The Parties' Arguments*

As Defendants note in their Memorandum in Support, Plaintiff's discrimination claims in the Complaint are imprecise as to whether she intends to make out a hostile work environment claim, a disparate treatment claim, a wrongful termination claim, or a retaliatory discharge claim.

Defendants, rightly or wrong, assume that Plaintiff seeks to make out a hostile work environment and a disparate treatment claim, going on to devote more than half of their Memorandum in Support to refuting a hostile work environment claim. Plaintiff then argues in her Memorandum in Support that the Court should read a hostile work environment into her Complaint, despite the fact that Plaintiff never mentions the term "hostile work environment" under the four counts of discrimination.[1] While the Complaint does not explicitly allege either a hostile work environment or a disparate treatment claim, the Complaint does allege that "Plaintiff was humiliated and embarrassed within the work atmosphere which was brought about by virtue of the systematic and continuous unlawful harassment and multiple discriminatory practices and acts of the Defendants." (Compl. ¶ 32.) The Complaint also alleges facts that seem to seek to set out disparate treatment claims for age and gender discrimination under both federal and state law. Despite the Complaint's confusing lack of specificity, the Court will consider both hostile work environment and disparate treatment claims.

Defendants first argue that Plaintiff has failed to make out a hostile work environment claim because she has not alleged any actions or comments that rise "to the level of severe, pervasive, and continuous intimidation, ridicule, or insult (on the basis of either her age or gender/sex), required to establish such a claim." (Mem. in Supp. at 2.) Defendants also argue that "Plaintiff has not pled a *prima facie* case of disparate treatment under Title VII, the ADEA, or the NYSHRL" because she "fails to allege a plausible claim that the decision to terminate her occurred under circumstances giving rise to an inference of either age- or gender-based discrimination." (*Id.* at 11, 13.)

---

[1] The term "hostile work environment" appears once in the 11-page Complaint, at the end of a section titled "Discrimination."

In their Memorandum in Support, Defendants include a lengthy discussion of the *McDonnell Douglas* burden-shifting framework. However, under *Littlejohn* the burden shifting analysis is not applied to a motion to dismiss.[2] *Littlejohn*, 795 F.3d at 311; s*ee also Harper v. New York City Housing Auth.*, 673 F. Supp. 2d 174, 179 (S.D.N.Y. 2009). Rather, the complaint need only meet the requirements of Fed. R. Civ. P. 8(a), by containing "a short and plain statement of the claim, showing the pleader is entitled to relief." Fed. R. Div. P. 8(a); *see also Harper*, 673 F. Supp. 2d at 179.

II.    *Gender Discrimination as Alleged in Count I*

a.    Title VII

"Title VII prohibits discrimination . . . because of . . . sex in the terms or conditions of employment." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 79–80 (1998) (internal quotation marks omitted).

b.    Gender Discrimination Claim Against Individual Defendants A. Bonomo and C. Bonomo

It is settled precedent in the Second Circuit that "an individual defendant with supervisory control may not be held personally liable under Title VII[.]" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 n. 10 (2d Cir. 2011) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742 (1998)).

Plaintiff does not specify whether her claim for gender discrimination under Title VII is brought against all Defendants or just Defendant AFP. However, the Court interprets the Complaint to assert such claim against all Defendants given that Plaintiff states under "Count I:

---

[2] As a motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss, this applies to a motion for judgment on the pleadings as well.

Gender Discrimination" that "Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her gender." (Compl. ¶ 31.) As a Title VII claim against individuals is barred, Count I is dismissed as to individual defendants A. Bonomo and C. Bonomo.[3] This has no effect on Plaintiff's claim against Defendant AFP.

### c. Gender Discrimination Disparate Treatment Claim Against Defendant AFP

As explained above, "at the pleading stage . . ., a plaintiff has a 'minimal burden" of alleging facts 'suggesting an inference of discriminatory motivation.'" *Vega*, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 310.); *see also Mazzeo v. Munchin*, 2017 WL 2817083, at *4 (S.D.N.Y. June 29, 2017) ("In making a plausibility determination at the motion for judgment on the pleadings stage, the plaintiff's burden is 'minimal.'").

Defendants aver that Plaintiff has failed to make out a prima facie case for gender discrimination because she has not alleged sufficiently specific facts. (*See* Mem. in Supp. at 14.) In support, Defendants cite to a Southern District of New York case in which the Court found that plaintiff had made "bare and conclusory allegations" because he only stated once in his amended complaint that he suffered "disparate treatment and/or harassment due to his sex (male), race (white), and or National Origin (Italian American)." *Mazzeo*, 2017 WL 2817083, at *4. In *Mazzeo*, the amended complaint did not contain any references to discrimination or plaintiff's race, sex, or national origin; nor did Plaintiff state *how* he was discriminated against because of his race, sex, or national origin. *Id.*

While the facts here do not exactly mirror the facts in *Mazzeo*, the Court finds that Plaintiff has indeed failed to support her claim for gender discrimination with sufficiently specific allegations. While Plaintiff alleges that Defendants discriminated against her and other

---

[3] Defendants fail to raise this argument, however, as the claim is legally barred the Court sua sponte grants this relief.

women, and even tries to explain how this discrimination manifested in terms of how she was treated and terminated, her allegations are unspecific and conclusory. One of many examples of this is Plaintiff's statement that Defendants "engaged in a pattern and practice of hiring and/or maintaining male individuals in senior management to the exclusion of female individuals." (Compl. ¶ 27). It would be nearly impossible for Defendants to respond to this claim because Plaintiff has not provided a single example of a man being hired instead of a woman. Plaintiff's only allegation that could give rise to an inference of discrimination is that she was excluded "because she was a woman, from meetings, decision-making processes, and social events, including dinners and trips, [such as] a trip to Las Vegas." (*Id.*) However, even here, Plaintiff does not provide any information about the trip to Las Vegas, such as the date or nature of the visit—or whether there were any other women on this trip. None of these allegations make Plaintiff's termination seem more likely than not to be "based on a discriminatory criterion illegal under Title VII." *See Young v. United Parcel Service, Inc.*, 135 S. Ct. at 1353. Even though Plaintiff's burden at this stage is minimal, these allegations are insufficient to survive a motion for judgment on the pleadings. Accordingly, Defendants' motion for judgment on the pleadings is granted as to Plaintiff's gender discrimination disparate treatment claim against Defendant AFP.

    d.  Gender Discrimination Hostile Work Environment Claim Against Defendant AFP

    At the pleading stage, "plaintiffs need not plead a *prima facie* case of discrimination based on hostile work environment, so long as they provide in the complaint a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendant fair notice of plaintiffs' claim for hostile work environment and the grounds upon which that claim rest." *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 241 (2d Cir. 2007) (citing

*Swierkiewicz*, 534 U.S. at 512); *see also Gomez v. Am. Society of Mechanical Engineers*, 2017 WL 4350586, at *3 (citing *Mabry v Neighborhood Def. Serv.*, 769 F. Supp. 2d 381, 390 (S.D.N.Y. 2011).  The Second Circuit found that an allegation of a hostile work environment claim was insufficient when it was "so vague that it fails to provide defendants with fair notice of the factual grounds supporting an implied claim[.]"  *Kassner*, 496 F.3d at 241.  Here, the largely bare and conclusory allegations delineated above are insufficient for the purpose of providing notice.  Therefore, Defendants' motion for judgment on the pleadings is granted as to Plaintiff's gender discrimination hostile work environment claim against Defendant AFP.

 III. *Gender Discrimination Under The NYSHRL as Alleged in Count II*

  a. Legal Standard

The NYSHRL provides in relevant part that it is an unlawful discriminatory practice:

> For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

As with Title VII claims, at the pleading stage of a NYSHRL discrimination claim, a plaintiff has only a "minimal burden" of alleging facts "suggesting an inference of discriminatory intent."  *See Vega*, 801 F.3d at 85; *see also Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 246 (explaining that Title VII and NYSHRL are subject to the same standard at the motion to dismiss stage).

  b. Gender Discrimination Claim Against Individual Defendants A. Bonomo and C. Bonomo

In contrast to Title VII, the NYSHRL does allow for individual liability under two theories.  The first theory permits individual liability "if the defendant 'has an ownership

interest' in the employer or has 'the authority to hire and fire employees[.]'" N.Y. Exec. Law § 296(1); *Gorman v. Covidien, LLC*, 146 F. Supp. 3d 509, 521–22 (S.D.N.Y. 2015) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995)). The second theory permits such liability "if the defendant aided and abetted the unlawful discriminatory acts of others." N.Y. Exec. Law § 296(6); *Gorman*, 146 F. Supp. 3d at 522 (citing *E.E.O.C. v. Suffolk Laundry Servs., Inc.*, 48 F. Supp. 3d 407, 523 (E.D.N.Y. 2014)). Here, Defendants A. Bonomo and C. Bonomo had the authority to hire and fire employees. Therefore, they may be held individually liable under the NYSHRL.

      c.  NYSHRL Gender Discrimination Claim

NYSHRL gender discrimination claims for both disparate treatment and hostile work environment are analyzed under the same framework as gender discrimination claims brought pursuant to Title VII. *See Parra v. City of White Plains*, 48 F. Supp. 3d 542, 553 (S.D.N.Y. 2014) ("Disparate treatment claims brought under Title VII, Section 1981, and the NYSHRL are all analyzed under the same standard"); *Russo v. New York Presbyterian Hosp.*, 972 F. Supp. 2d 429, 449 (E.D.N.Y. 2013) ("NYSHRL hostile work environment claims are analyzed under the same standard as Title VII hostile work environment claims"). Plaintiff's allegations concerning discrimination toward her are the same for both her federal and state claims. Therefore, again, Plaintiff's allegations are largely bare and conclusory and fail to give Defendants fair notice of her claims. As such, Defendants' motion is granted as to Plaintiff's NYSHRL gender discrimination claim against all Defendants.

IV.     *Age Discrimination Under the ADEA as Alleged in Count III*

   a.  The ADEA

The ADEA provides that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age."  29 U.S.C. § 623(a)(1).  This protection covers employees who are at least 40 years old.  *Id.* at § 631(a).

To survive a motion to dismiss, "a plaintiff asserting an employment discrimination complaint under the ADEA must plausibly allege that [an] adverse action was taken against her by her employer, and that her age was the 'but-for' cause of the adverse action."  *Downey v. Adloox Inc.*, 238 F. Supp. 3d 514, 519 (S.D.N.Y. 2017) (quoting *Marcus*, 661 Fed. Appx. at 31–32).  "A plaintiff must plead facts that give 'plausible support to a minimal inference' of the requisite discriminatory causality."  *Marcus v. Leviton Manufacturing Company, Inc.*, 661 Fed. Appx. 29, 31–32 (2d Cir. 2016) (citing *Littlejohn*, 795 F.3d at 310–11).  For an ADEA claim, like a Title VII claim, "the plaintiff need not prove discrimination, or even allege facts establishing every element of a *prima facie* case of discrimination, but he must plead facts that give plausible support to a minimal inference of the requisite discriminatory causality."  *Downey*, 238 F. Supp. 3d at 519 (citing *Marcus*, 661 Fed. Appx. At 31) (quoting *Littlejohn*, 795 F.3d at 310–11)).

   b.  Age Discrimination Claim Against Individual Defendants A. Bonomo and C. Bonomo

As with Title VII, there is no individual liability under the ADEA.  *See Jones v. New York City Dep't of Ed.*, 286 F. Supp. 3d 442, 447 (E.D.N.Y. 2018) (citing *Wray v. Edward Blank Assocs., Inc.*, 924 F. Supp. 498, 503–04 (S.D.N.Y. 1996)); *see also Leykis v. NYP Holdings, Inc.*, 899 F. Supp. 986, 991 (E.D.N.Y. 1995).

Plaintiff does not specify whether her claim for age discrimination under the ADEA is brought against all Defendants or just Defendant AFP. However, the Court interprets the Complaint to assert the claim against all Defendants given that Plaintiff states under "Count III: Age Discrimination" that "Defendants unlawfully discriminated against Plaintiff with respect to the terms and conditions of her employment because of her age." (Compl. ¶ 39.) In light of the bar against individual liability under the ADEA, Count III must be dismissed as to individual defendants A. Bonomo and C. Bonomo.[4] This has no effect on Plaintiff's claim against Defendant AFP.

c.  Age Discrimination Disparate Treatment Claim Against Defendant AFP

As previously noted, to survive a motion to dismiss, a discrimination plaintiff need only allege facts "suggesting an inference of discrimination." *Vega*, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 310.) Even so, Plaintiff fails to meets her minimal burden for her ADEA claim due to her bare and conclusory allegations. For example, Plaintiff states that Defendants had a pattern and practice of hiring younger individuals, but she does not provide the name or age of a single employee who Defendants hired or let go besides herself. (Compl. ¶ 27.) Likewise, Plaintiff asserts that Defendants made decisions regarding termination based on age, "specifically terminating older employees and retaining younger employees," but she does not elaborate. (*Id.*) Plaintiff provides two slightly more specific allegations, namely (1) that the individual Defendants would tease Plaintiff about when she would retire and would say she would "become a greeter at Walmart;"and (2) that Defendants terminated Plaintiff's employment after many years of loyal service because she inquired about her retirement benefits. (*See Id.*) Notably, Plaintiff never states how long after she inquired about retirement benefits that she was

---

[4] Again, Defendants did not raise this argument. However, because the claim is barred the Court sua sponte grants relief.

let go, nor does she state whether or not there were any other intervening circumstances. (*See* Compl. ¶ 27.) Thus, even if these instances "suggest an inference of discrimination"—which they barely do—there is no evidence that age was the "but-for" cause of her termination. Accordingly, Defendants' motion is granted as to Plaintiff's age discrimination disparate treatment claim against Defendant AFP.

   d.   Age Discrimination Hostile Work Environment Claim Against Defendant AFP

As explained above, at the pleading stage of a hostile work environment claim, plaintiffs are only required to provide "a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendant fair notice of plaintiffs' claim for hostile work environment and the grounds upon which that claim rest." *Kassner*, 496 F.3d 229, 241 (2d Cir. 2007) (citing *Swierkiewicz*, 534 U.S. at 512); *see also Gomez v. Am. Society of Mechanical Engineers*, 2017 WL 4350586, at *3 (citing *Mabry v Neighborhood Def. Serv.*, 769 F. Supp. 2d 381, 390 (S.D.N.Y. 2011). Based on the allegations delineated above, Plaintiff has failed to meet that burden. She has made conclusory and unspecific allegations that fail to provide fair notice of the grounds upon which her claim rests. Therefore, Defendants' motion is granted as to Plaintiff's age discrimination hostile work environment claim against Defendant AFP.

*V.*     *Age Discrimination Under the NYSHRL as Alleged in Count IV*

   a.   Legal Standard

NYSHRL age discrimination claims are analyzed under the same standard as ADEA claims. *Luka v. Bard College et al.*, 263 F. Supp. 3d 478, 484–85 (S.D.N.Y. 2017). Therefore, at the pleading stage of a NYSHRL discrimination claim, a plaintiff has only a "minimal burden" of alleging facts "suggesting an inference of discriminatory intent." *See Vega*, 801 F. 3d at 85.

b. Age Discrimination Claim Against Individual Defendants A. Bonomo and C. Bonomo

The NYSHRL allows for individual liability for age discrimination if the individual is involved in the discrimination and is an owner or a supervisor with the authority to hire or fire. N.Y. Exec. Law § 296(1). Here, Defendants A. Bonomo and C. Bonomo had the authority to hire and fire employees. Therefore, they may be held individually liable under the NYSHRL.

c. NYSHRL Age Discrimination Claims

NYSHRL age discrimination claims for both disparate treatment and hostile work environment are analyzed under the same framework as age discrimination claims brought pursuant to the ADEA. *See Boomalert v. City of New York*, 721 Fed. Appx. 29, 32 (2d Cir. 2018) (stating that a disparate treatment claim was dismissed "[b]ecause NYSHRL claims are treated the same as ADEA claims"); *Fordham v. Islip Union Free School Dist.*, 662 F. Supp. 2d 261, 271 (E.D.N.Y. 2009) (conducting one analysis to dismiss both the ADEA and the NYSHRL hostile work environment claims). Plaintiff's allegations concerning age discrimination toward her are the same for both her federal and state claims. As the Court has already found that Plaintiff failed to meet her minimal burden for her ADEA disparate treatment and hostile work environment claims, the Court reaches the same conclusion regarding her NYSHRL claims. Accordingly, Defendants' motion is granted as to Plaintiff's NYSHRL age discrimination claims against all Defendants.

**CONCLUSION**

For the foregoing reasons, Defendants' motion for judgment on the pleadings pursuant to Rule 12(c) is granted in its entirety. However, Plaintiff is hereby given leave to amend her Complaint as to her claims for gender discrimination under Title VII against Defendant AFP, age discrimination under the ADEA against Defendant AFP, and age and gender discrimination

under the NYSHRL as against all Defendants.  All other claims are hereby dismissed.  In the

event Plaintiff does not file an amended Complaint within 20 days of the date of this Order, the

remaining claims will also be dismissed and the case will be closed.

**SO ORDERED.**
Dated: Central Islip, New York
      July 26, 2018


_____/s/_____
Denis R. Hurley
Unites States District Judge